Peaksoit, C. J.
 

 It is unnecessary to notice many of the exceptions set out in the statement -of the case ; because the Court is of opinion that the defendant is entitled to a
 
 ■venire de novo
 
 upoa the merits.
 

 To maintain the action, it was necessary for the plaintiff to prove an eviction by title paramount. There was sufficient evidence of an eviction ; for the fact that the slave went into the possession of Burnet, who, upon demand, refused to give him up, and that the plaintiff brought an action of trover against hisa, .and failed to recover., isas full proof of an eviction as if Burnet had sued the plaintiff for the slave and recovered; the actual and legal effect being precisely the same. This proposition assumes, that the plaintiff was well advised in submitting to a nonsuit after the new trial was granted by the Court of Appeals of South Carolina. It was evidently useless for the plaintiff to proceed further in the Rice of the opinion of the 'Court that he was not entitled to recover. Was the eviction by tifie paramount 2 In other words, does the evidence show' a title in Burnet superior to the title of the plaintiff and of defendant’s testator? Burnet’s title rests upon a deed executed byone Benjamin Johnston, to Anne, the wife of Burnet, ‘dated the 13 th of June, 1831, and the question as, did the title of the slave vest in Mrs. Burnet by the force and legal effeei of that deed 2 ■ The parties resided in the State of South Caro
 
 *262
 
 lina. The slave was there, and’the deed'was’executed there;' it follows that the operation of the deed must be governed by the laws of that State. This Court is not presumed to know the law of another State or country, and where a question arises in regard to it, evidence thereof must be offered to the Court. The judicial decisions of the courts of a State or country, contained in reports, authorised by law, or received and recognized by the profession, furnish the most satisfactory evidence of the law.
 
 Allen
 
 v.
 
 Pass,
 
 4 Dev. and Bat., Rep. 77.
 
 Worrell
 
 v.
 
 Vinson,
 
 5 Jones’ Rep. 91,
 
 Hooper
 
 v. Moore,
 
 Ibid.
 
 130, Conflict of Laws, sec. 637-8, 1 Greenleaf’s Ev. sec. 486.
 

 In this case, the work is done to our hand; for in
 
 Alexander
 
 v.
 
 Burnet,
 
 5 Richardson, R. 190, the principle of the law of South Carolina, in regard to the construction and legal effect of deeds of the kind under consideration, is not merely announced, but the application of it is made to. this very deed, and in the opinion of the Court the title of the slave was vested by it in Mrs. Burnet and passed to Burnet,
 
 jure
 
 mariti, the slave having been in his possession. So, upon this point, we are relieved from all further labor, except that of deciding that it is governed by the law of South Carolina.
 

 The plaintiff having thus shown title in Burnet, and a consequent defect of title in the defendant’s testator, at the time lie executed the covenant of warranty sued on, established a
 
 prima facie
 
 right to recover, and it remains to be seen whether what afterwards occurred had the effect of divesting the title out of Burnet and vesting it in the plaintiff; for, if he liad title at the time of the eviction, he has no cause of action on the covenant, as Burnet’s act would be that of a mere stranger without title. The scene is now shifted, and we pass from South Carolina into Alabama. The plaintiff bought the slave from the defendant’s testator, and took the bill of sale. and the covenant sued on, in the State of Alabama. The slave w’as there, and was kept in possession there, by the plaintiff, for more than six years, adversely and upon a claim of title. The question is, did the title of the slave vest in the plaintiff by the force and effect of this adverse possession? A
 
 *263
 
 preliminary question is, are we to be governed in our decision by the law of Alabama or the law of South Carolina ? But for the opinion of the court in
 
 Alexander
 
 v.
 
 Burnet, supra,
 
 we would say
 
 it follows, as a matter of course-,
 
 that the legal effect of the acts done in Alabama, must be determined by the law of that State, in the same manner that the legal effect of the deed executed by Johnson, was determined by the law of South Carolina ; and, notwithstanding that opinion, we are fully satisfied that such is the law, and the court of South Carolina misapprehended the point and fell into error by confounding it with the doctrine in regard to the statute of limitations. The plaintiff did not, in any manner or shape, invoke the aid of the statute of limitations of the State of South Carolina; on the contrary, he alleged that, having bought the slave in Alabama, and having held adverse possession of him there for more than six years, such possession had the legal effect of vesting the title in him according to the law of that State, as held by the courts there, in the construction of the statute of limitations of that State. ¥e think it sufficient to ask, (and we do so with due respect,) what bearing had the statute of limitations of the State of South Carolina on that question ?
 

 If Alexander, by acts done in the State of Alabama, had acquired a title to the slave under the law of that State, the courts of all other countries were bound to respect it, and the fact that Burnet, who was the original owner, was a citizen of South Carolina, could not in any way affect the question) unless there had been a clause in the statute of Alabama saving the rights of non-resident owners. This brings us to the main question — did the title vest in the plaintiff by the force and effect of his adverse possession according to the laws of the State of Alabama? We have examined the statute. Six years is a bar to the action, and there is no saving of the rights of non-resident owners who are not under disabilities— infancy coverture, &c., and we find it settled by the decisions of the courts of that State, where the possession of personal property is held adversely for a period beyond that pre-
 
 *264
 
 seribed by the laws of the State as a bar to an action, the title vests in the person holding such adverse possession, against the original owner, and all other persons.
 
 Doyl
 
 v. Bouler, 7 Ala. Rep, 246,
 
 Goodman
 
 v.
 
 Munks,
 
 8 Porter’s Ala. Rep. 85.
 

 Judgment reversed, and a
 
 venire de novo.
 

 Pee Cuhiam, Judgment reversed.